UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARVIN HARRIS,

Plaintiff,

v.

R. CHAVEZ, et al.,

Defendants.

Case No. 5:26-cv-09502 EJD (PR)

**ORDER OF PARTIAL DISMISSAL AND DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, a state inmate at the North Kern State Prison ("NKSP"), filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against various defendants. Dkt. No. 1. Plaintiff's motion to proceed in forma pauperis will be addressed in a separate order.

**DISCUSSION**

**A. Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was

United States District Court
Northern District of California

violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B. Plaintiff's Claims**

Plaintiff names the following as defendants: (1) Lt. R. Chavez at NKSP; (2) Director John Doe of CDCR; (3) John Doe of the Institutional Classification Committee (4) John Doe at Salinas Valley State Prison ("SVSP"); (5) H. Chavez; and (6) NKSP Restricted Housing Unit. Dkt. No. 1 at 1.

Plaintiff claims that on February 13, 2024, the CDCR "discharged" him at the California Men's Colony State Prison, and that he informed Judge John W. Kennedy of Contra Costa County of this fact. Id. at 2. Then on or about August 6, 2025, Plaintiff claims his counsel and Judge Kennedy had him sign "some CDR application for release copys [*sic*] of my discharge records from [CDCR]." Id. Later that month, Judge Kennedy sent Plaintiff to NKSP. Id.

Plaintiff next refers to the "Federal PREA of 2023" which "drives all CDCR efforts to combat sexual abuse and sexual misconduct within institutions." Id. at 3. He alleges that Defendant Lt. R. Chavez engaged in retaliation and discrimination at SVSP although the CDCR prohibits coercion and threats of punishment. Id. He alleges that Defendant Chavez made a "false report RHU on 2/5/2024" at SVSP for battery on a peace officer (RVR Log No. 740550 and Log No. 7405548). Id. at 3-4, 5.

Plaintiff also claims that on August 19, 2026, he arrived at NKPS. Id. at 6. He asserts that he should have been released on February 13, 2024. Id. On that same day, he claims Defendant R. Chavez "gave restricted housing unit (RHU) form" which stated "upon review of my file you were initially placed into RHU on 2/5/2024 at Salinas Valley State Prison for battery on a peace officer with a caustic substance. RVR Log # 7405548. On the same date you received an additional RVR for battery on a peace officer, RVR Log # 740550." Id. He asserts that he was entitled to be advised of the charges in writing, to present a defense, a timely hearing, witnesses to testify on his behalf, and possibly an

investigative employee or staff assistance. Id. at 7.

Plaintiff also alludes to sexual abuse and sexual misconduct by John Doe officers on February 5, 2024, with reference to the same RVRs cited above. Id. at 8.

Plaintiff seeks damages and release from prison. Id. at 12.

**1. Challenge to Continued Confinement**

"'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'" Hill v. McDonough, 547 U.S. 573, 579 (2006) (quoting Muhammad v. Close, 540 U.S. 749, 750 (2004)). Specifically, habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. Skinner v. Switzer, 562 U.S. 521, 533-34 (2011) (quoting Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)); see Calderon v. Ashmus, 523 U.S. 740, 747 (1998); Edwards v. Balisok, 520 U.S. 641, 648 (1997); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). "Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983.'" Skinner, 562 U.S. at 533-34 (quoting Wilkinson, 544 U.S. at 82).

The complaint contains a challenge to Plaintiff's continued custody and seeks his immediate release from prison. If he succeeds on that claim, it would "necessarily spell speedier release." Id. Accordingly, Plaintiff's claim challenging his continued confinement should be brought as a petition for a writ of habeas corpus rather than a § 1983 action. Id. Therefore, that claim will be dismissed without prejudice to filing in a separate habeas action in the appropriate venue. Since it appears Plaintiff was convicted and sentenced in Contra Costa County, he may file this claim in the Northern District. See Habeas L.R. 2254-3(b)(1); Dannenberg v. Ingle, 831 F. Supp. 767, 768 (N.D. Cal. 1993); Laue v. Nelson, 279 F. Supp. 265, 266 (N.D. Cal. 1968).

///

**2. Disciplinary Proceedings**

It appears that Plaintiff wants to challenge the "false" rule violation reports ("RVR") under Log No. 740550 and Log No. 7405548.

Prisoners retain their right to due process subject to the restrictions imposed by the nature of the penal system. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Thus although prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply, where serious rules violations are alleged and the sanctions to be applied implicate state statutes or regulations which narrowly restrict the power of prison officials to impose the sanctions and the sanctions are severe, the Due Process Clause requires certain minimum procedural protections. See id. at 556-57, 571-72 n.19. The placement of a California prisoner in isolation or segregation, or the assessment of good-time credits against him, as a result of disciplinary proceedings, for example, is subject to Wolff's procedural protections if (1) state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, and (2) the liberty in question is one of "real substance." See Sandin v. Conner, 515 U.S. 472, 477-87 (1995). "Real substance" will generally be limited to freedom from (1) restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," id. at 484,[1] or (2) state action that "will inevitably affect the duration of [a] sentence," id. at 487.

To the extent that Plaintiff is challenging two RVRs, the allegations are insufficient to state a due process violation. First of all, there is no information regarding the type of sanctions imposed by the disciplinary proceedings for the Court to determine whether a

[1] Whether a restraint is "atypical" under Sandin is not a purely empirical question, but rather one of the measure of a restraint in relation to an inmate's limited liberty rights. See Carlo v. City of Chino, 105 F.3d 493, 498-99 (9th Cir. 1997); see, e.g., Resnick, 213 F.3d 443, 448-49 (9th Cir. 2000) (placement in SHU detention pending disciplinary hearing did not give rise to a liberty interest where plaintiff failed to allege that his conditions of confinement were materially different from those imposed on inmates in administrative segregation or in the general population).

liberty of "real substance" was involved, e.g., placement in segregation or revocation of good time credits, to implicate due process.

The allegations are also insufficient to indicate that Plaintiff's due process rights were violated at the rehearing. Plaintiff makes no specific allegations regarding the rehearing in the complaint as he merely recites the procedural protections under Wolff without explaining how he was deprived of any of them.

Wolff established five procedural requirements. First, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." Wolff, 418 U.S. at 564. Second, "at least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the [disciplinary committee]." Id. Third, "there must be a 'written statement by the factfinders as to the evidence relied on and reasons' for the disciplinary action." Id. (quoting Morrissey v. Brewer, 408 U.S. 471, 489 (1972)). Fourth, "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Id. at 566. Fifth, "[w]here an illiterate inmate is involved . . . or where the complexity of the issues makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or . . . to have adequate substitute aid . . . from the staff or from a[n] . . . inmate designated by the staff." Id. at 570.

Plaintiff shall be granted leave to file an amended complaint to state a claim under Wolff regarding the rehearing, if he can do so in good faith. However, there is another issue he must consider.

If Plaintiff suffered the loss of good time credits due to the disciplinary proceedings, then this § 1983 action is not the appropriate avenue to challenge the RVR. As discussed above, habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or

United States District Court
Northern District of California

speedier release'" from confinement. Skinner, 562 U.S. at 533-34. A challenge to a disciplinary finding that resulted in assessment of time credits must be brought in habeas if reinstatement of the time credits would "necessarily spell speedier release." Id. at 525.

If good time credits are involved, Plaintiff must challenge the disciplinary action in a habeas petition. He may file a motion to voluntarily dismiss this action so that he can pursue his claims in a separate habeas action, different from the habeas action seeking immediate release discussed above. See supra at 3 Although a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983, see Wilwording v. Swenson, 404 U.S. 249, 251 (1971), the opposite is not true: A civil rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995). Accordingly, Plaintiff must seek relief for the alleged violation of his rights during the disciplinary proceedings that resulted in the loss of credits by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Lastly, before Plaintiff can proceed with a federal habeas action in this court, he must first exhaust state judicial remedies. Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982). The state's highest court must be given an opportunity to rule on the claims even if review is discretionary. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (petitioner must invoke "one complete round of the State's established appellate review process."). Accordingly, Plaintiff must give the California Supreme Court an opportunity to rule on the claims before he can proceed with a § 2254 action in this court.

United States District Court
Northern District of California

**3. Retaliation**

Plaintiff also claims that Defendant R. Chavez acted in retaliation in issuing the "false" RVRs.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

The allegations are insufficient to state a retaliation claim because they do not satisfy all five elements under Rhodes. Assuming Plaintiff is asserting that the adverse action taken by Defendant Chavez was the filing of "false" RVRs, he fails to allege that Defendant acted *because of* Plaintiff's protected conduct, i.e., filing of grievances, which are the second and third elements. Plaintiff makes no allegation regarding filing grievances. Furthermore, he does not allege that the adverse action chilled the exercise of his First Amendment rights, the fourth element. Plaintiff shall be granted leave to amend to attempt to correct these deficiencies to state a retaliation claim against Defendant Chavez.

**4. Sexual Allegations**

Plaintiff alludes to sexual abuse and sexual misconduct by John Doe officers at SVSP on February 5, 2024, but fails to provide specific factual allegations in support. Individuals in jails and prisons have a constitutional right to be free from sexual harassment. Sampson v. County of Los Angeles, 974 F.3d 1012, 1023 n. 6 (9th Cir. 2020) (citing Vazquez v. County of Kern, 949 F.3d 1153, 1165 (9th Cir. 2020) (pretrial detainees and juvenile wards protected under 14th Amendment), and Wood v. Beauclair, 692 F.3d 1041, 1046, 1048-51 (9th Cir. 2012) (prisoners protected under 8th Amendment)).

Plaintiff may attempt to state a cognizable claim regarding sexual abuse in an

United States District Court
Northern District of California

amended complaint if he can do so in good faith, and identify the appropriate state actors responsible for the deprivation.

Furthermore, although the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Wiltsie v. Cal. Dep't of Corrections*, 406 F.2d 515, 518 (9th Cir. 1968), situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds. *See Gillespie*, 629 F.2d at 642; *Velasquez v. Senko*, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986). Accordingly, Plaintiff may include allegations against Defendant "John Does" in an amended complaint provided they are sufficient to indicate that specific "John Does" are liable for specific injuries incurred.

**5. Amended Complaint**

In preparing an amended complaint, Plaintiff should keep the following legal principles in mind. Liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. See Leer, 844 F.2d at 633.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's claim challenging his continued confinement is **DISMISSED** without prejudice to filing in a separate habeas action.

2. The remaining claims are **DISMISSED with leave to amend**. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint to correct the deficiencies described above. The amended complaint must include the caption and civil case number used in this order, Case No. 26-cv-09502 EJD (PR), and the words “AMENDED COMPLAINT” on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. The amended complaint supersedes the original, the latter being treated thereafter as non-existent. Ramirez v. Cty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.1992).

2. **Failure to respond in accordance with this order in the time provided will result in the dismissal without prejudice of this action for failure to state a claim for relief without further notice to Plaintiff.**

3. The Clerk shall include two copies of the court’s complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

DATED: November 5, 2026

EDWARD J. DAVILA
United States District Judge